MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff directed by the court.

*Geo. B. Bradley*, for plaintiff. *Geo. T. Spencer*, for defendant.

Opinion by MERWIN, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

New trial granted, costs to abide event.

---

## JOSEPH W. CLARK, RESPONDENT, v. THE FLINT AND PERE MARQUETTE RAILWAY COMPANY, APPELLANT.

*Trustees — right to purchase obligations of cestui que trust.*

There is no rule of law or equity that incapacitates a trustee from purchasing the obligations of his *cestui que trust* which have become legally vested in a third person. If they are valid obligations they may be sold and transferred to any one, and such transfer will pass a good title to them.

*Quære*, whether, in such case, the trustee will be permitted to enforce them for any greater sum than he paid for them.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*H. O. Chesebro*, for appellant. *E. W. Gardner*, for respondent.

Opinion by GILBERT, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment affirmed, with costs.

---

## HARRISON O. COWING, APPELLANT, v. ABRAHAM ALTMAN, RESPONDENT.

*Assignee in bankruptcy — cannot take extra compensation — section 45 of bankrupt act.*

One H., at the request of several of the creditors of a bankrupt, consented to act as assignee, on condition that they would pay to him the sum of $2,000 in addition to his legal fees. Subsequently the defendant bought up the claims against the bankrupt, agreeing with the creditors to pay the said sum to H., and in pursuance of this agreement he subsequently gave a check for that amount,

upon which this action was brought. *Held.* that the agreements were illegal, under section 45 of the bankrupt act, and that as they were still unexecuted, this court would not enforce them.

APPEAL from an order made at the Special Term, granting a motion for a new trial, made upon the minutes of the justice before whom the case was tried.

This action has already been before the General Term, the decision being reported in 1 New York Supreme Court (T. & C.), 494.

*Sherman S. Rogers,* for appellant. *Edward R. Bacon,* for respondent.

Opinion by GILBERT, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Order affirmed.

---

MARY JANE FOSTER, RESPONDENT, *v.* BURTON FOSTER, APPELLANT.

*Post-nuptial agreement — Release of dower — sufficient consideration to support a promise.*

Post-nuptial agreements between husband and wife, though void in law, will be sustained and enforced in equity to the extent of the actual consideration thereof. (*Shepard* v. *Shepard,* 7 Johns. Ch., 57; Story's Eq. Jur., §§ 1368 to 1376.)

Accordingly, where a husband, in order to induce his wife to relinquish her right of dower in certain real estate which he wished to sell, agreed to give her seventy dollars a year during his life, *held,* that the release by the wife of her inchoate right of dower was a valuable and sufficient consideration for the promise (*Garlick* v. *Strong,* 3 Paige, 440; *Simar* v. *Canaday,* 53 N. Y., 298), and that the husband should be compelled to perform the agreement on his part.

APPEAL from an order made at the Special Term, overruling a demurrer to the complaint.

*J. Welling,* for appellant. *Charles McLouth,* for respondent.

Opinion by GILBERT, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Order affirmed.